# LLOYD TYLER

*vs.*

# CEDAR ISLAND CLUB, INC.

*Validity of Patent—Question for Equity—Action of Trespass— Possession to Support—Evidence—Nominal Damages.*

Since a court of equity is the proper tribunal to inquire into an alleged irregularity or fraud in a patent, an equitable plea, in a suit of trespass, asserting that the patent under which plaintiff claimed was invalid as including non-contiguous land and navigable waters, was demurrable.                              p. 217

The fact that the outlines of the tract described in a patent include navigable waters, contrary to Code, art. 54, sec. 49, would not render the patent wholly void.                              p. 217

Where a tract of marsh land, of which a valid conveyance had been made to plaintiff club, by which it was used as a game preserve, was guarded by a watchman, who patrolled it several times a week, and who lived in a floating club house moored in a stream, and a considerable sum had been spent by the club in the construction of the club house, ducking blinds and an embankment for a fresh water pond, *held* that, in view of the nature of the property and of the use and occupation to which it was adapted, plaintiff had such actual possession as to be entitled to maintain trespass against one who entered without claim of title.                              p. 218

Every unauthorized entry upon the land of another is a trespass, by which the owner sustains a legal injury entitling him at least to nominal damages.                              p. 219

The admission, in an action of trespass, of immaterial evidence on behalf of plaintiff as to whether it made claim to the waters or beds of the navigable streams, intersecting its tract of land, or to a right of control thereover, *held* harmless.     p. 219

Testimony on behalf of defendant that the patentee through whom plaintiff's title was derived never exercised any acts of ownership over the land, that it was not assessed to him for taxation until a comparatively recent date, and that for twenty

years there had been a common use of the land for hunting purposes, for which purposes defendant had sought to use it, *held* irrelevant, the land being in plaintiff's possession under a title of record, and there being no opposing claim of title.

p. 219

That plaintiff's predecessor in title, to whom a patent was issued, permitted the resort of hunters to the land, did not justify the conclusion that he had abandoned the title in support of which he had obtained the patent, and which he had, ten years later, made the subject of a specific devise to his grandson who executed a deed thereof to plaintiff.          p. 220

*Decided April 4th, 1923.*

Appeal from the Circuit Court for Wicomico County (BAILEY and DUER, JJ.).

Trespass by the Cedar Island Club, Incorporated, against Lloyd Tyler. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*James E. Ellegood,* with whom were *Ellegood, Freeny & Wailes on the brief,* for the appellant.

*George H. Myers* and *Frederick W. C. Webb,* with whom were *Miles & Myers, Frederick H. Fletcher* and *Woodcock & Webb,* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

By a patent issued in 1891 the State of Maryland granted to Oliver S. Horsey a tract of marsh land containing 2,880 acres in Somerset County. The tract was patented as the "Resurvey on Broad Neck," but it is also known as "Cedar Island." It is part of an area surrounded by the waters of

Tangier Sound, Little Annamessex River, Broad Creek and
Pocomoke Sound, and is intersected by a number of creeks or
inlets.   The patent states that a special warrant of resurvey
was obtained by the patentee under article 54 section 21
(now section 30) of the Code, which provides in part as
follows: "Any person entitled to lands in fee simple and
being in possession thereof and not desiring to add con-
tiguous vacancy may obtain a warrant of resurvey from the
land office * * *; and the surveyor of the county to whom
such warrant shall be directed shall survey the lands to be
affected thereby according to the possession and holding of
the person obtaining such warrant, or those under whom he
claims for the last twenty years, and shall take proof of
such possession and holding."   The certificate returned by
the surveyor, as the patent recites, was accompanied by depo-
sitions, taken as required by section 32 of article 54 of the
Code, showing that the applicant for the patent and those
under whom he claimed ownership had held the resurveyed
land in peaceable possession for the preceding twenty years.
As authorized by the last cited section of the Code, in the
absence of any objection after notice to the owners or occu-
piers of adjacent lands, the patent with which we are con-
cerned in this case was issued in due course.   Upon the
death of Oliver S. Horsey, the patentee, which occurred in
1901, the Broad Neck or Cedar Island tract passed under a
devise in his will to his grandson, Oliver Horsey, who con-
veyed it in 1921 to the Cedar Island Club, Incorporated.
It has been used by the club as a game preserve.   For the
protection of the right of possession which it claims the club
has brought this suit in trespass against the defendant, who,
in disregard of its protest, persisted in hunting ducks on the
land described in its deed.   From a judgment for the plain-
tiff, entered on the verdict of a jury for nominal damages,
the defendant has appealed.

The first question to be considered is raised by a demurrer
to a plea on equitable grounds to the effect that the patent

through which the plaintiff's title is said to have been derived was invalid because it includes "numerous islands in the waters of Pocomoke Sound and Tangier Sound not contiguous to Cedar Island, but separated therefrom by numerous navigable streams, and because the said patent covers large areas of valuable land or bottom covered by navigable waters contrary to the laws of the State," "and because the said patent is a fraud on the State of Maryland and contrary to the common law rights of its citizens." The demurrer to the plea was sustained. This ruling was clearly correct. The validity of the patent could not be thus disputed. If it be assumed that the defendant had an interest which might enable him to contest the patent, upon the grounds pleaded, a court of equity would be the appropriate tribunal for such a proceeding. This was definitely decided in *Cook* v. *Carroll,* 6 Md. 104. While it was said in that case by the Court, through CHIEF JUDGE LEGRAND, that a court of law might "decide on the fact of the issue of a patent or on its genuineness, or its effect when opposed by another for the same land," yet the Court adopted the view expressed by CHIEF JUSTICE MARSHALL in *Polk's Lessee* v. *Wendall,* 9 Cranch, 98, that an inquiry into an alleged irregularity or fraud in a patent should properly be conducted in a court of equity, which "may, on a view of the whole case, annex equitable conditions to its decree, or order what may be reasonable, without absolutely avoiding a whole grant." A court of law has no such broad power to qualify its judgments. The fact stated in the plea, that the outlines of the tract described in the patent issued to the appellee's predecessor in title include navigable waters, contrary to the prohibition of the Code (article 54, section 49), would not render the patent *wholly* void. *Patterson* v. *Jenks,* 2 Peters, 235; *Danforth* v. *Wear,* 9 Wheaton, 673; *Winn* v. *Patterson,* 9 Peters, 663; *White* v. *Burnley,* 20 Howard, 235; *Jarrett* v. *West,* 1 H. & J. 501; *State* v. *Reed,* 4 H. & McH. 6; 32 *Cyc.* 1091; 22 *R. C. L.* 280. The declaration alleges that the defendant broke and

entered the plaintiff's close known as Cedar Island or Broad
Neck, conveyed to it by the deed to which we have referred,
and the plea fails to meet that charge.

The defendant excepted to the granting of the plaintiff's
first prayer, by which the jury were instructed that their ver-
dict should be for the plaintiff corporation if they should find
that it was in possession of the land described in the declara-
tion, claiming title under the deed offered in evidence, and
that the trespass alleged was in fact committed.  It was
proved without contradiction that on two occasions the de-
fendant, in spite of warnings by the plaintiff's watchman,
hunted ducks on the dryland within the lines of its deed.
There was no claim of title by the defendant, and he did not
testify in the case.  The right of possession claimed by the
plaintiff was under a conveyance which the evidence does
not tend to impeach.  The tract was guarded by a watchman
who patrolled it several times a week and who lived there con-
tinuously, having quarters in a floating club house moored in
one of the creeks.  About $13,000 had been expended by the
plaintiff in the construction of the club house, in the installa-
tion of permanent wooden ducking blinds at a number of
places on the tract, and in the erection of an embankment
for a fresh water pond.  In view of the nature of the prop-
erty and of the use and occupation to which it is adapted, the
plaintiff may be regarded as having been in actual possession
and thus entitled, independently of its proprietary right, to
maintain a suit in trespass against one who entered without
claim of title.  *Bloodsworth* v. *Murray,* 138 Md. 631; *Sadtler*
v. *Peabody Heights Co.,* 66 Md. 5; *New Windsor* v. *Stocks-
dale,* 95 Md. 196; *West* v. *Pusey,* 113 Md. 569; *Carter* v.
*Md. & Pa. R. Co.,* 112 Md. 599; *Tyson* v. *Shueey,* 5 Md.
540; 1 *R. C. L.* 694; 2 *C. J.* 56.  The instruction referred
to was, therefore, rightfully granted.

The conclusion just stated has the effect also of sustaining
the action of the trial court in refusing to withdraw the case
from the jury.

By the second prayer of the plaintiff, which was granted, the jury were directed to award at least nominal damages, if they found in favor of the plaintiff, even though the defendant's entry resulted in no substantial injury.   There was no error in this instruction.   In the case of *Balto. & O. R. Co. v. Boyd.*, 67 Md. 40, it was held that "every unauthorized entry upon the land of another is a trespass, and whether the owner suffers substantial injury or not, he at least sustains a legal injury, which entitles him to a verdict for some damages; though they may, under some circumstances, be so small as to be merely nominal."

Ten exceptions were taken to rulings on the admissibility of evidence.   The first relates to the introduction of the plaintiff's title papers.   They were properly admitted.   The second and tenth are not mentioned in the appellant's brief, and we find no error in the rulings to which they refer.   Testimony was admitted on the plaintiff's offer, contrary to the third exception, to the effect that the plaintiff never made any claim to the waters or beds of the navigable streams intersecting the tract to which it holds title.   This was immaterial to the issue in the case, but it could not have caused the defendant any injury.   The sixth and eighth exceptions were taken to the refusal of the court to admit testimony that the plaintiff claimed the right of control over the streams within its tract to the extent of permitting persons to fish in them only on condition of not interfering with the plaintiff's hunting privileges.   It is clear that the decision of the case could not properly have been affected by such testimony, and there was no error in its exclusion.

The fourth, fifth, seventh and ninth exceptions were concerned with rejected proffers of the defendant to prove that the patentee through whom the plaintiff's title was derived never exercised any acts of ownership over the land, that it was not assessed to him for taxation until 1910, and that for twenty years there had been a common use of the island for hunting purposes.   The proof of such facts would have been

irrelevant in this case, in which the acts of trespass sued for were committed on land in the possession of the plaintiff under a title of record and there is no opposing claim of title by the defendant. It is the underlying theory of the defense that there was a public right of hunting on the tidewater marsh lands of Cedar Island. But the State by its patent recognized the tract as being properly subject to a pre-existing and continuing private ownership, to which the plaintiff has succeeded. The fact that the plaintiff's predecessor, to whom the patent was issued in 1891, permitted the resort of hunters to the land, would not justify a conclusion that he had abandoned the title which he had taken pains to have supported by the patent and which he made the subject of a specific devise in 1901 to his grandson who executed the deed under which the plaintiff is now seized of the property.

*Judgment affirmed, with costs.*