(Decided 19th June, 1894.)

THE REDEMPTORISTS, a body corporate *vs.* CASPAR WENIG.

*Construction of Deed—Reservation of Right of Way— Trespass—Measure of Damages.*

The owner of a tract of land sold to the plaintiff a part thereof binding on the highway, reserving to himself, his heirs and assigns, the use of a road running from the upper part of the tract remaining in the grantor, in a straight line through the land conveyed to the plaintiff, to the highway. He afterwards sold this upper part to H. who sold to the defendant, who, without the leave of the plaintiff, and against his remonstrance, proceeded to alter and change the grade of the road, thereby in some places elevating it above the surface, and in others cutting it down to the depth of eight feet. The effect of these alterations was not only to divide and separate the plaintiff's land, and to interfere with his accustomed and convenient use of the same, but also to collect the surface water falling during heavy rains, and to discharge the same in great volumes over his land, carrying with it sand and gravel, and thereby destroying his crops and rendering the land unfit for cultivation. HELD :

1st. That the defendant was liable for the losses suffered by the plaintiff, in the destruction of his crops, and in the diminution in value of his land.

2nd. That it was the intention of the parties to reserve to the grantor merely the use of the road as the means of egress and ingress to the upper part of the tract, which belonged to him.

3d. That the defendant was entitled to the reasonable use of the road, and had the right to make such repairs as were necessary, but had no right to grade it by elevating it in some places three and four feet above the surface, and by cutting it down in others to the depth of eight feet, even though such grading was done with due care, so far as making it a more available and convenient way.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception* —The testimony being closed on both sides, the plaintiff offered the five following prayers:

1. That by a true construction of the deed from Robert G. Ware to the plaintiff, bearing date the 14th day of September, 1866, and offered in evidence, the land over and upon which the way for common use in said deed described was laid out, is the land of the plaintiff.

2. If the jury shall find from the evidence that the plaintiff is possessed of the land described in the deed offered in evidence, and that the defendant is possessed of a tract of land adjoining the land of the plaintiff, and that the defendant is entitled to a way, over the land of the plaintiff to the tract of land of the defendant which adjoins the land of the plaintiff, and if they further find that the defendant is possessed of other land not adjoining the land of the plaintiff, and that the defendant is using the said way over the land of the plaintiff without his leave, to and from such land of the defendant, which does not adjoin the land of the plaintiff, then the plaintiff is entitled to recover in this action.

3. If the jury shall find from the evidence that the plaintiff and the defendant are entitled to the use in common of a way over the land described in the deed offered in evidence, and if they further find that the said way was laid out over said land according to the natural rise and fall thereof, and that the same has been used by the plaintiff for more than twenty years in the manner and in the condition in which it was so originally laid out, and that the defendant, after the said way had been so used for more than twenty years by the plaintiff, dug up a part of said way and filled up other parts thereof, and that by reason of such acts the plaintiff has been deprived of the reasonable and convenient use of said way, then the plaintiff is entitled to recover.

4. If the jury shall find from the evidence that the plaintiff and the defendant are entitled to the use in common of the way mentioned and described in the deed offered in evidence, and if they further find that the defendant, without the consent of the plaintiff, altered the grade of said way from the manner in which the same was originally laid out and used, by digging up a portion thereof and filling up other portions of the same, and that by reason of such alterations in said way the plaintiff was deprived of the usual and convenient use of his land, and that such alterations had the effect of causing water to flow from the defendant's land along the way in question and upon the land of the plaintiff, which was not theretofore accustomed to flow thereon in such manner, and also to gather water upon one portion of the plaintiff's land and to throw it upon another portion thereof in such a manner as to injure the same and the crops growing thereon, then the plaintiff is entitled to recover in this action.

5. If the jury shall find for the plaintiff, then the measure of damages to which he is entitled is compensation for the injury he has sustained by reason of the wrongful act or acts of the defendant, and if the jury shall find that such

wrongful act or acts naturally and necessarily result in a continuing and permanent injury to the value of the land of the plaintiff, then they may take into consideration such injuries as they shall find from the evidence will arise from such wrongful act or acts subsequent to this action, and they may award the plaintiff such damages as they shall find, from all the evidence and the circumstances of this case, will compensate the plaintiff for the injury to his land caused by the wrongful act or acts of the defendant.

The defendant offered the following six prayers:

1. That the plaintiff in this case has only the right of way in the thirty-foot road referred to in the deed from Ware to Wenig. ·

2. That the defendant had the right to grade and repair said road, using due care, in order to make it a means of convenient and proper ingress and egress to and from its property.

3. That no legal and sufficient evidence has been offered to show any negligence on the part of the defendant in the construction and grading of said road.

4. That no legal and sufficient evidence has been offered to show that the property of the plaintiff has been depreciated in value by reason of the alleged trespass.

5. That if the jury find a verdict for the plaintiff, in assessing the damages, they are limited in amount to any actual pecuniary loss suffered by the plaintiff between the time this property was acquired by the defendant and the time of instituting this suit.

6. That no legal and sufficient evidence has been offered to show that the plaintiff suffered any pecuniary loss during said period.

The Court (PHELPS, J.,) granted the plaintiff's first four prayers, and rejected his fifth prayer, and substituted therefor the following instruction numbered six:

6. That if the jury find for the plaintiff, in estimating the damages they may take into consideration the losses

suffered by the plaintiff in the destruction of crops and the depreciation in the value of the plaintiff's land occasioned by the acts of defendant, if they find any such destruction and depreciation to have been occasioned thereby.

The Court rejected the defendant's prayers; and the defendant specially excepted to the granting of the third prayer of the plaintiff, because it assumed as a fact that the road in controversy, as originally laid out, was used by the plaintiff for more than twenty years before the commencement of this suit; and to the fourth prayer, because it assumed as a fact that the defendant altered the road in controversy from its original condition, as described in the preceding exception; and to the granting of the sixth prayer, because it assumed as a fact that the value of the land had been depreciated by reason of the alleged trespass.

These exceptions the Court overruled. To the granting of the plaintiff's prayers, and to the instruction of the Court numbered six, and to the rejection of the defendant's prayers, and to the overruling of the special exceptions of the defendant to the plaintiff's said prayers, the defendant excepted.

The jury gave their verdict in favor of the plaintiff for $1,600, and judgment was entered thereon. The defendant appealed.

The cause was argued before ROBINSON, C. J., BRYAN, ROBERTS, McSHERRY and BRISCOE, J.

*Edward C. Carrington*, for the appellant.

*Charles Herzog*, (with whom was *David G. McIntosh*, on the brief,) for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

Ware, from whom both of the parties to this suit derive title, was the owner of a tract of land containing seventy-

seven acres, fronting on the Trappe road, in Baltimore county. The lower part of this tract, binding on the Trappe road, he sold in 1866 to the appellee. The deed, after describing the land by metes and bounds, containing forty acres more or less, has the following clause or reservation:

" Clear of a road thirty feet wide running from the end of forty-five perches on the sixth line," etc., " and also clear of the one-half of a road thirty feet wide along the second line," etc., " which roads are for the use in common of the parties to this deed, their heirs and assigns." This road thus described runs from the upper part of the tract, remaining in Ware, the grantor, in a straight line through the land conveyed to the appellee, to the Trappe road, a public highway. In 1889, more than twenty years after the sale and conveyance to the appellee, Ware sold the upper part of the tract containing thirty-seven acres to Helldorfer, and the latter subsequently sold the same to the appellant. Beyond and to the north of the Ware tract, the appellant is the owner of another tract, which is laid out and used as a public cemetery.

For the purpose of making the road described in the Ware deed a more convenient and available way to the thirty-seven acres bought of him, and to its cemetery, the appellant, without the leave of the appellee, and against his remonstrance, proceeded to alter and change the grade of the road. And in so grading it, the road is in some places elevated above the surface, and in others it is cut down to the depth of eight feet. The effect of these alterations, by which it was changed from a surface road adapted and conforming to the natural rise and fall of the land, to a road with deep cuts in one part and fills in other parts, was not only to divide and separate the defendant's land, and to interfere with his accustomed and convenient use of the same, but also to collect the surface water falling during heavy rains, and to discharge the same in great

volumes on and over the appellee's land, carrying with it great quantities of sand and gravel, thereby destroying his crops and rendering the land unfit for cultivation. This is an action of trespass brought by the appellee to recover damages for the alleged wrongful acts on the part of the appellant.

In its defence to the action the appellant contends, and so asked the Court to instruct the jury, that under the Ware deed the appellee was entitled to a mere *easement* in the road in question, and that the *fee in the bed of the road* was reserved by Ware, the grantor. This deed, we agree, is to be construed according to the intention of the parties, and this intention is to be ascertained from the language and terms of the deed itself; and if the language used be vague and uncertain, then the deed must be construed according to the well settled rules by which instruments of that kind are governed. That Ware, the grantor, meant to reserve the right of way over this road for the use of the thirty-seven acres, the upper part of the tract which remained unsold, is clear beyond all question, for this is reserved in explicit terms. But it is by no means clear he meant to reserve the fee in the bed of the road which ran through the appellee's land, and which was, in fact, included within the metes and bounds described in his deed. The sale by Ware of the lower part of the tract binding on the public highway left him without the means of access from the upper part to the public road, except through the land of the appellee. And hence it was necessary to reserve the right of way over the land of the latter. But we do not see any reason why he should reserve the fee in the road itself and which runs entirely through the land sold to the appellee. So construing the language of the deed, in connection with the subject-matter to which it refers, it was the intention of the parties, it seems to us, to reserve to the grantor merely the use of this road as the means of egress and ingress to the upper part of the tract, which be-

longed to him.   Deeds are always construed in favor of the grantee and against the grantor, and a reservation in behalf of the latter will not be enlarged beyond the fair and natural import of the language used.

The appellant is, of course, entitled to the reasonable and proper enjoyment of this way for the purposes for which it was reserved, but all other rights and benefits consistent with such easement belong to the appellee as owner of the soil.   As purchaser of the remainder of the Ware tract, it acquired all the rights appurtenant to this parcel of land, that is to say, the use of the road to and from said parcel of land.   But being a private road, the appellant has no right to use it for the purposes and benefit of another tract of land, to which the right of way is not appurtenant.   This we said in *Albert vs. Thomas,* 73 *Md.,* 181, and if so, it had no right to use it for the benefit of, or as a way to, its cemetery.

Now, as to the measure of damages, the rule was, we think, properly laid down by the Court, namely, that in estimating the damages the jury had the right to take into consideration the losses suffered by the plaintiff in the destruction of crops and the depreciation in the value of his land, occasioned by the acts of the defendant corporation.

In the absence of such facts and circumstances as will entitle one to exemplary damages, the general principle upon which compensation for injuries to real property is given is that the plaintiff shall be reimbursed to the extent of the injury.   If the injury resulting from the wrongful act be merely the destruction of one's crops, he is entitled to recover full damages, that is to say, the value of such crops.   But where the injury is of a permanent character, where it affects not only one's crops, but the value of his land, then in addition to the value of his crops, he is entitled to recover for the diminution of the value of the land according to his interest in the land.   In such a case, the injury being permanent, he recovers full damages, past and

future, and is not obliged to bring successive actions. In this case, the appellant wrongfully entered upon the land of the appellee, and, against his consent, so graded the road as not only permanently to divide his fields, but also to cause the surface water to collect during heavy rains and discharge the same upon his land, together with sand and gravel, rendering it unfit for cultivation. The injury was, in the judgment of the witnesses, permanent, and thereby affecting the value of his land, and under such circumstances the jury had the right, in estimating the damages, to take into consideration the loss suffered by the appellee in the depreciation in the value of his land. The rule allowing one to recover damages past and future is based, it is true, upon the theory that the injury will be permanent, and it may not be an easy matter in all cases to determine how far and to what extent 'an injury partakes of this character. It may not in some cases therefore work out exact justice, but it is questionable whether a better rule can be devised. The injured party is entitled to the fullest protection, and the wrongdoer has no just reason to complain of being held liable for all injuries directly resulting from his own acts.

We cannot agree that there was no evidence from which the jury could find there was any diminution in the value of the land. Before the alleged trespass, it was, according to all the witnesses, highly improved and very productive, and, being near Baltimore, it was cultivated as a truck farm. They all agree that it was worth from $300 to $500 per acre, and that from six to ten acres were rendered unfit for cultivation, by reason of being flooded and covered with sand and gravel.

In regard to the second instruction refused by the Court, the appellant was, we agree, entitled to the reasonable use of the road to and from the thirty-seven acres purchased of Ware, and had the right to make such repairs as were necessary; but it had no right to grade it by elevating the road

in some places three and four feet above the surface, and by cuts in others to the depth of eight feet, even though such grading was done with due care so far as making it a more available and convenient way. The question was not whether the grading was properly done with 'the view of making it a better way for the appellant, but whether such grading was to the injury and detriment of appellee's land. The appellant was not, of course, liable for any injury resulting from the grading by Helldorfer, the former owner, and, in estimating the damages, the Court properly instructed the jury that they were to take into consideration such losses only as were suffered by the acts of the appellant.

*Judgment affirmed.*

(Decided 19th June, 1894.)

