# LENA BERNSTEIN

*vs.*

# RACHAEL MERKEL.

*Damages: prayers; must give rule for——.　Prayers: withdrawing case from jury; waiver; duplicate prayers; refusal. Trespass q. c. f.: cutting off light; damages; permanent injury; rental value.　Landlord and tenant: possession.*

At the close of the plaintiff's case, if after submitting a prayer withdrawing the case from the jury, and after excepting to the Court's refusal of the prayer, the plaintiff proceeds with the case, he is held to have waived his exception.　　p. 457

Where granted prayers fully and fairly submit every aspect of the case to the jury, the refusal of other prayers, sound in principle and correct in form, covering the same subject-matters, does not constitute reversible error.　　　　　　p. 457

In a suit for damages, for the cutting of light from windows in a wall claimed by the plaintiff, by the erection of a building against the same, if the structure complained of is a permanent one, it must be assumed that the injury was a permanent injury.　　　　　　　　　　　　　　　　p. 458

In cases of trespass *q. c. f.*, the measure of damages, for permanent injury, is the depreciation in the value of the property occasioned by the acts of the defendant.　　　　　　p. 459

In such cases the rental value before, and the rental value after, the injury, may be used as a basis to fix the extent of the depreciation.　　　　　　　　　　　　　　p. 459

Prayers that give the jury no rule for the measure of damages are erroneous.　　　　　　　　　　　p. 459

But where the amount which the jury awards is reasonable, and in accord with the damages claimed, the fact that the granted prayers gave the jury no guide as to the elements they should consider, and the limit they should observe, in fixing the damages, is no ground for reversal.                    p. 460

The possession of the tenant is the possession of the landlord.
                                                        p. 460

A landlord may sustain an action of trespass *q. c. f.* and for permanent injury to the property, even though the property was at the time of the injury occupied by the tenant.       p. 460

*Decided June 23rd, 1915.*

Appeal from the Superior Court of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Thomas Charles Williams* and *Morris A. Rome,* for the appellant.

*Louis S. Ashman,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is the defendant's appeal from a judgment entered against her in the Superior Court of Baltimore City at the suit of Rachael Merkel, the appellee. The record, as usual, exhibits some conflict in the testimony upon material questions of fact. The parties to the record are the owners of adjoining leasehold properties located on Fawn street in the City of Baltimore. The plaintiff's property is known as No. 905 Fawn street, and the adjoining property, No. 903 Fawn street, is owned by the defendant. The plaintiff's west wall abuts the defendant's east wall, and both walls run in a

southerly direction from Fawn street. The whole length of the plaintiff's west wall is sixty-eight feet and seven and one-half inches. The defendant's building extends back from Fawn street a distance of fifty-five feet. The evidence produced on the part of the plaintiff tends to show that the walls separating the main buildings on the lots are independent walls. The properties are improved by two dwelling houses. The defendant occupies his own home, and that of the plaintiff is rented to tenants. The whole dispute is over a portion of the wall—a single wall—in the rear of the two houses. This portion is about twelve feet long and is located, according to the deeds of the respective parties and the testimony of witnesses, partly on the plaintiff's lot and partly on that of the defendant.

The plaintiff offered evidence tending to prove the following facts: That Morris Merkel, the husband of the plaintiff, acquired title to the property in 1900, and that he conveyed it to his wife, the plaintiff in this suit, in 1907; that in 1900 the lot was improved in front on Fawn street by a three-story dwelling, and the rear by a summer kitchen, one story high; that two stories were added to the summer kitchen, and in so doing the old wall, which was about nine feet high, which constituted the west wall of the summer kitchen, was carried up two stories; that in a room on the third floor of this addition there were two windows overlooking the rear of the defendant's property; that the plaintiff, and those under whom she claims, had had the exclusive use of the original wall upon which the addition was built for twenty-five years; that in 1912 the defendant, acting through her husband, built a shop in the rear of her premises, and attached it to the wall in question, and closed up or darkened the two windows overlooking the defendant's yard; that the plaintiff protested against the building of the shop against the wall, and that the cutting off of the light from the windows, the unsightly appearance of the structure, and the use of the wall, had caused a depreciation of one thousand dollars in the value of the property.

The evidence on the part of the defendant tended to show that the original wall in the rear of the properties was used jointly by the respective owners; that when the husband of the plaintiff bought the property in 1900 there was a frame kitchen attached to the wall; that this was torn down and replaced by the shop complained of, and that the kitchen of the plaintiff and that of the defendant were attached to the portion of the wall in dispute. The record shows that during the course of the trial the jury by consent of the parties visited the premises. The suit was an action of trespass *q. c. f.*, and the portion of the wall in controversy not being wholly within the lines of the plaintiff's deed, but partly within the lines of the defendant's deed, the plaintiff based her right to recover upon adversary possession of the original wall upon which the addition was built. This and the question of damages were the only questions in issue.

At the conclusion of the plaintiff's case, the defendant submitted a prayer, to withdraw the case from the jury, which was refused. She excepted to the refusal of the prayer, but proceeded with her case. By proceeding with the case she must be held to have waived her exception. *Barabasz* v. *Kabat,* 91 Md. 55; *Cowan* v. *Watson,* 91 Md. 344; *Penn. R. Co.* v. *Cecil,* 111 Md. 288.

After the testimony of both parties had been concluded, the Court granted two instructions which appear to have submitted to the jury the contentions of the parties with respect to the ownership and possession of the wall in controversy. These prayers are here inserted.

*The Plaintiff's Prayer*—"The Court instructs the jury that if they shall find from the evidence that the plaintiff or those under whom she claims have had adverse, continuous and exclusive possession of the land in controversy (that is, the land covered by the rear of the plaintiff's west wall, which the defendant built against, if the jury shall so find) for twenty years or more before the institution of this suit, then the verdict of the jury should be for the plaintiff."

*The Defendant's Prayer*—"The defendant prays the Court to instruct the jury that if they find from the evidence that there was no period of twenty years' duration in which the defendant or her predecessors in title did not use the *portion* of the wall in question, then their verdict must be for the defendant."

Under these instructions the claims of both parties as to title, possession and use of the wall were open for the consideration of the jury. We do not think that the defendant was injured by the rejection of her second, third, fourth, fifth and seventh prayers—all of which were upon the subject of adversary possession—because that subject was fully covered by the granted prayers. The jury had examined the premises, were put in possession of the claims of the respective parties, and of all the evidence adduced to support them, and with the clear and simple rules given to the jury by the Court for their guidance there is no reason for holding that the defendant could have been injured by the rejection of the prayers mentioned. It is a familiar principle that if the granted prayers fully and fairly submit every aspect of the case to the jury, the refusal of other prayers, sound in principle and correct in form, covering the same subject matters, does not constitute reversible error. There was no evidence to support the defendant's tenth prayer, and apart from this objection it entirely ignored the question of adversary possession, and for both of these reasons there was no error in refusing it.

This brings us to the consideration of the proper measure of damages. The structure which was erected and attached to the wall was a permanent one. It was built into and against the wall in such a manner as to show that it was intended to be permanent, and, therefore, if the erection of this shop constituted a trespass upon the plaintiff's property the Court must treat it as a permanent injury. It has been held by this Court in a number of cases that apart from those cases in which punitive damages may be allowed, the measure of damages in a case of permanent injury is the

depreciation in the value of the property occasioned by the acts of the defendant, and that the rental value before and after the injury may be used as a basis to fix the extent of the depreciation. *Wenig* v. *The Redemptorists,* 79 Md. 348; *B. & O. R. R. Co.* v. *Kahl,* 124 Md. 299.

The only evidence in the case as to the amount of damage done to the property by the trespass complained of was offered on behalf of the plaintiff. It proved a depreciation of about one thousand dollars. No effort was made by the defendant to question or contradict this evidence. The prayer granted by the Court on the measure of damages was as follows:

"The Court instructs the jury that if the jury shall find for the plaintiff, then they shall allow her such damages as will be a fair compensation for the injury or injuries which they shall find, under the other instructions in this case, the plaintiff has been subjected to by the defendant."

This prayer gave the jury no proper rule to estimate the damages. It was entirely too vague and indefinite, and, as said by Judge Alvey in *B. & O. R. R. Co.* v. *Carr,* 71 Md. 143, it "left the whole question of damages at large, without definition by the Court, to the discretion of the jury, and without any criterion to guide them * * *. The Court must decide and instruct the jury, in respect to what elements, and within what limits, damages may be estimated in the particular action." But it does not follow that the judgment must be reversed because of the granting of this prayer. The declaration claimed one thousand dollars and the uncontradicted proof showed the plaintiff had sustained about that amount of damages. The jury fixed the damages at five hundred dollars. These facts present a situation precisely similar to the one dealt with in *Western Union Telegraph Co.* v. *Lehman,* 105 Md. 442, where the Court after disapproving a granted prayer on the measure of damages, said, speaking through Judge Pearce: "But it is apparent, we think, that the granting of this prayer worked no injury to the defendant, and if this be so there is no reversible error. The decla-

ration claims fifteen hundred dollars, and if the jury had given that amount or any sum greater than that shown by the evidence to be the actual loss sustained in the transaction, there would have been a concurrence of error and injury."

The defendant's eighth, ninth, eleventh and twelfth prayers were upon the question of damages, and were all properly refused. The eighth prayer laid down no rule to measure the damages—it was too general and indefinite. The ninth prayer asserted that any damage resulting from the shutting off of the light from the plaintiff's windows could not be considered by the jury, and by the eleventh prayer the Court was asked to tell the jury that they could not consider the loss of rent as an element of damage, and by the twelfth prayer the Court was asked to limit the recovery to nominal damages. It follows from what we said above as to the proper measure of damage to be applied to the case and the method of ascertaining the depreciation in the value of the property that none of these prayers could have been properly granted. The defendant's thirteenth prayer asked the Court to direct a verdict for the defendant upon the ground that the plaintiff had offered no legally sufficient evidence to entitle her to recover. The main reason urged in support of this prayer was that the plaintiff was not in possession and, therefore, under the doctrine declared in *New Windsor* v. *Stocksdale,* 95 Md. 209, and other cases, she could not recover in this form of action. The complete answer to this contention is that it is well settled in this State that the possession of the tenant is the possession of the landlord. *Stewart* v. *May,* 111 Md. 162, *and the cases there cited.*

Upon a careful review of the whole record we are of opinion that the case was properly submitted to the jury, and, while it discloses some technical errors committed by the Court, it does not appear, nor do we think, that the defendant was injured by any of the rulings. The judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*