## THE BURGESS AND COMMISSIONERS OF NEW WINDSOR *vs.* ELIZA J. STOCKSDALE, BY HER HUSBAND, GEO. L. STOCKSDALE.

*Right of Party in Possession to Maintain Trespass q. c. f. Without Proving Title—Distinction Between Trespass and Ejectment—Declarations as Part of the Res Gestae—When Possession a Question of Fact for the Jury—Removal by Municipality of Structures From an Alley Not Owned by it—Admissibility of Evidence.*

In an action of ejectment the plaintiff must show that he has the legal title to the law, but in an action of trespass *quare clausum fregit* when it is not brought for the purpose of trying title to land but for an injury to the possession, it is not necessary for the plaintiff to prove title. If he was in actual possession he may maintain the action against any wrongdoer or any person not the real owner or claiming title under such owner, and the defendant cannot defeat the action by proving an outstanding title in a stranger.

The purpose for which certain acts were done may be proved by evidence of the declarations of the person doing them which accompanied the acts or were so nearly connected in point of time as to explain their true character.

When the plaintiff in trespass *q. c. f.* relies upon actual possession to maintain the action, the question of such possession is one of fact for the jury to find.

When a municipality removes steps and other structures erected by a party in an alley adjoining his house and the municipality does not own the alley, it cannot defend an action of trespass for such removal by showing that the public had acquired a right to use the alley, in the absence of any evidence to show that the use of the alley had been actually obstructed, or the use of it for travel in the manner previously used thereby prevented, or that the defendant was legally authorized to remove obstructions as nuisances.

A party who makes a board-walk, drain, etc., in an alley adjoining his house is in actual possession of such structures and may maintain an action of trespass *q. c. f.* against the municipality for removing them when the municipality is not the owner of the alley and is not authorized by law to remove the structures as nuisances.

Plaintiff opened a door in the side of her house abutting on an alley, put there steps extending thirty inches into the alley, constructed a board-walk from the door to the street upon which the house fronted and built a drain along the walk. Defendant, the municipal authority of the town, removed these structures. In an action of trespass *q. c. f.* to recover damages for such removal the defendant pleaded that the alley was not in the plaintiff's close and that the same was a highway, the free use of which by the public had been obstructed by the plaintiff and that the alleged trespasses consisted in the removal by the defendant of these obstructions. The defendant did not claim title to the alley. *Held,*

1st. That deeds to the plaintiff tending to show that the *locus in quo* was within the outlines of the land conveyed to her were admissible in evidence to show the extent and character of her possession.

2nd. That minutes of the proceedings of the defendants directing a bailiff to remove the steps, etc., erected by the plaintiff are admissible to show that the trespass complained of had been committed by defendant's authority.

3rd. That the defendant was not entitled to show by oral testimony and record evidence that the deeds held by parties who formerly owned the lot conveyed to plaintiff did not include the alley in their outlines, because this evidence did not tend to show that the title to the alley was in the defendant but merely that it was not in the plaintiff, and the action being brought to recover for injury to plaintiff's possession, the question of her title is immaterial.

4th. That evidence to show how particular individuals would be injured if

the alley were closed is inadmissible since the issue relates to the partial obstruction of the alley to the detriment of the public.

5th. ·That the testimony of a laborer that he had cut the grass in the alley at defendant's direction is not admissible, because such a trifling act does not show the acceptance by the town of a previously dedicated highway.

6th. That evidence having been adduced by the defendant tending to show that the public had uninterruptedly used the alley for twenty years, the plaintiff was entitled to show in rebuttal that a former owner of her lot had closed the alley on several occasions and that at the times when he obstructed it, or shortly afterwards, he declared that he had done so to prevent the public from acquiring a right to use. it.

Appeal from the Circuit Court for Carroll County (JONES, C. J.)   The plaintiff's first prayer, as modified by the Court, instructed the jury as follows : That if they find that the plaintiff was in possession of the land described in the plaintiff's declaration at the time the acts of trespass complained of in plaintiff's declaration are alleged to have been committed and claiming the title thereto under the two deeds from Deborah A. Baile, offered in evidence, and if the jury shall further find that the acts of trespass alleged in the declaration, or any of them, were done by the defendant corporation or by its officers or agents by the authority·or direction of said defendant, then their verdict must be for the plaintiff, with such damages as will in their judgment compensate the plaintiff for the injury to the plaintiff's property, which the jury may find to have been the direct consequence of the acts of the defendant.

In the eighth exception the witness had no knowledge of the matter referred to in the question to the allowance of which the exception was noted.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Jas. A. C. Bond* and *F. Neal Parke*, for the appellants.

The plaintiff in trespass *q. c. f.* must show title to the land on which he charges the trespass to be committed, or he must show that he was in the actual possession of the place where the trespass was committed, at the time when it was com-

mitted. *Norwood* v. *Shipley*, 1 H. & J. 180. In *Gent* v. *Lynch*, 23 Md. 65, it is said that this case does not decide that trespass *q. c. f.* will lie without possession, but that it will lie upon that possession which the law implies to be in the owner of land, where no other person is, in point of fact, on it. In such case the owner has constructively the possession. *Dorsey* v. *Eagle*, 7 G. & J. 321; *Hale* v. *Munroe*, 28 Md. 98; *Ridgely* v. *Ogle*, 4 H. & McH. 86; *Davidson* v. *Beatty*, 3 H. & McH. 314.

*Ridgely* v. *Bond*, 17 Md. 14, is a case of striking importance in its analogies to this, as to facts, law governing, and the Act 1852, ch. 177. The argument of Mr. Donaldson for the appellant, is so lucid, expository and applicable to the main features of this case that its insertion might answer for an appropriate brief in this, so far as it relates to the right of recovery in the action.

The plaintiff was not in actual possession of the *locus in quo* on which the trespass is alleged to have been committed. The Stocksdales went into possession of their house, and got a deed therefor on the 26th October, 1898, and within four days thereafter made an attempt to get control and possession of the alley, but in which first attempt they were at once resisted on the part of the Odd Fellows, the citizens of the town, and by the town authorities. From the first attempt in October, 1898, to the time of the trial of the case, and to this day the Burgess and Commissioners of New Windsor have contended for the alley as a public way ; likewise the citizens in general of the town, and especially the Odd Fellows, who in 1896 built on the entire front of their lot for their order, and along this alley, a building 60 feet, with no access to the rear part of it, except over the alley way in qestion, and no way to reach a shop in the rear of said building, occupied and conducted by Mr. Bankard ; all of which facts are disclosed in the record without attempt at denial. The minutes show official protest and resistance to the insidious and persistent attempts of the Stocksdales to acquire possession or get control of the alley way. The entire history of the case is that of contest on the

part of the authorities and citizens and general public against the assertions of any claim over the alley by the Stocksdales.

Plaintiff's paper title to the alley in question is entirely insufficient.

Defendant's first exception is a good one, and the deed first admitted ought to have been stricken out, as furnishing no sort of title or pretext of title. The reason why plaintiff did not show that the *locus in quo* or alley-way in question was embraced in the deed of October 26th, 1898, to plaintiff, was that she could not do so, as in fact it was not embraced in it. And notwithstanding it was incumbent on plaintiff to recover in the action "on the strength of her own title, and not on the weakness of the defendant's," yet defendant offered to show by undoubted proof and an old surveyor, familiar from repeated surveys with the ground and land in question, that the land embraced and referred to in the deed of October 26th, 1896, to plaintiff, from Deborah A. Baile, did not include said alley-way or street over which the contention had arisen. If the plaintiff by the undeniable rule of law be put to the necessity of winning by strength of her own title, surely defendant ought to show in this case that she had none whatever. And yet this is what was ruled in the matters of those exceptions 9th, 10th, 11th and 12th.

Plaintiff's prayer was granted as modified, and as such was accepted, as well it might be, as it took case from the jury and decided it in favor of the plaintiff. No argument was or could have been made after such an instruction. The legal question of possession of the land described in the *narr.* was left to the jury to settle as best they could. What kind of possession was meant, whether actual or constructive, was and is not indicated by the prayer, "Possession being a question of law to be determined by the Court upon the facts of the cause." *Thistle* v. *Frostburg Coal Co.*, 10 Md. 146; *Poe's Pleading and Practice*, vol. 1, sec. 246, 3rd ed.

The phraseology of the defendant's prayers with regards to the facts necessary to constitute a public highway, and the manner of the abatement of a nuisance thereon, is based upon that prayer approved in *Day* v. *Allender*, 22 Md. 514, 528.

The defendant's 19th and 20th prayers are upon the theory borne out by the facts of the record that dedication will be presumed "upon the use of the land, with the assent of the owner, for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment" *Day* v. *Allender*, 22 Md. 525; *Morgan* v. *Chicago, etc.*, 96 U. S. 716; *Cincinnati* v. *White*, 6 Pet. 431; *Barclay* v. *Howell*, 6 Pet. 496; *Dillon, Mun. Corp.*, vol. 2, sec. 631; *Elliott on Streets and Roads*, page 94 (ed. 1890); *Tiedman on Mun. Corp.*, sec. 217.

*Charles E. Fink*, for the appellee.

The ninth exception is based on the erroneous assumption that the *locus in quo* is not embraced in the first deed in the record nor in the deed of those under whom the plaintiff claims back to Peter Baile who is acknowledged to have owned it.

This exception is also not well taken because actual possession alone is sufficient against a wrongdoer. *Poe's Pleadings*, vol. 1, sec. 242 and 243; *Tyson*, v. *Shuey*, 5 Md. 540; *Ridgely* v. *Bond*, 17 Md. 14; *Norwood* v. *Shipley*, 1 H. & J. 295. The owner himself cannot maintain trespass as to land in possession of a disseizor until re-entry. *Gent* v. *Lynch*, 23 Md. 64; *Wilson* v. *Hinsley*, 13 Md. 46–73.

The tenth exception is untenable for the same reasons and for the further reason that it demonstrates that the *locus in quo* is within the lines of the plaintiff's deed.   The proof on both sides is that the alley at its narrowest part is 13 feet 9 inches wide ; the offer states that the third line of lot No. 2 is 10 feet 8 inches from the northern boundary of the alley in question, this leaves 3 feet 1 inch of the alley south of the third line of lot of No. 2 and the encumbrances, to-wit, the door-steps, board-walk and wall were not over 30 inches wide from the wall of the house, or the south side of the alley.   It is not necessary to show her right to the whole of the close, it is enough to show her right to that part on which the trespass was committed. *Tyson* v. *Shuey*, 5 Md. 551; *King* v. *Dunn*, 21 Wendell, 253.

The 9th, 10th, 11th and 12th exceptions are untenable for this additional reason that it does not avail the defendant to show title in a third party unless *it claims under him.* (It must be remembered that the defendant neither pleaded freehold in itself nor offered to prove title in itself.) *Harker* v. *Dement,* 9 Gill, 7; 2 *Greenleaf on Evidence,* sec. 625; *Fink's Extrs.* v. *Alston,* 23 Am. Dec. 299. "Under a plea that the close upon which the alleged trespass was committed was not at that time the close of the plaintiff, the defendant may show lawful right to the possession of the close in a third person, under whom he claims to have acted." *Jones* v. *Chapman,* 2 Exch. 803. "But a bare tortfeasor cannot set up in defense the title of a third person between whom and himself there is no privity of connection." *Branch* v. *Doane,* 18 Conn. 233.

"In justifying under a third person, the defendant must show that both the *title* and the *possession* of the person, and that the acts were done by that person's authority." *Dunlap* v. *Glidden,* 31 Me. 510; *O. & G., S. & R. Co.* v *Tabor,* 5 L. R. A. 242. "A defendant can only justify upon the ground of a better right or title than the plaintiff has ; and it has been held that mere naked possession, however acquired, is good against a person having no right to the possession." *Knapp* v. *Wincheseer,* 11 Vt. 351; *Haslem* v. *Lockwood,* 37 Conn. 500; *Cook* v. *Patterson,* 35 Ala. 102.

The offer in 13th exception to prove that the tenants and occupants of a small warehouse built upon an adjoining lot in 1895 used this alley to reach the street, or that it was their only means of reaching the street, was not admissible under the pleadings, for, *non constat,* the adjoining owners may have a right by deed or otherwise to use the alley in question. The use by a limited number of persons may establish, not a public, but merely a private right of way by prescription. *Tupper* v. *Huson,* 46 Wis. 646. Because in the deeds from Peter Baile to adjoining owners for all the land on the north side of the alley, this alley is a "call," as follows, "to a private alley ; thence along said private alley ;" the plaintiff offered to put all said deeds in evidence, but upon the defendant's objection thereto, the Court ruled them inadmissible.

The fact that a laborer mowed this alley and was paid for it by the defendant was not admissible, because the witness had just testified that he was not directed to mow this particular alley. Besides an act or order, or command by the Burgess, would not amount to an acceptance of the alley by the defendant. *Baltimore City* v. *Broumel*, 86 Md. 153.

Evidence in 15th, 16th and 17th exceptions of the declarations of the owner explanatory of his intentions, both before and after the opening of the way is admissible. *Buchanan* v. *Curtis*, 25 Wis. 99; 3 Am. Rep. 23; *Starr* v. *People*, 17 Colo. 458; *Ottawa* v. *Yentzer*, 160 Ill. 509; *Proctor* v. *Lewiston*, 25 Ill. 153; *Washburn on Easements*, 134 and 157.

Defendant's prayers, 14th to 20th inclusive, were properly rejected because there was no evidence to support them and they were misleading and also because they each and all submit questions of law to the jury, and permit a jury's fancy to determine what constitutes a common highway, and omit to inform the jury as to what are the essential elements of a *user by prescription* to make a road a public highway, namely, that the user was *adverse* with a *claim of right*, and *uninterrupted* and *exclusive* for more than twenty years. An obstruction in the road is not the only manner in which the use, or attempt to gain a prescriptive right, can be interrupted ; these prayers omit all reference to the commands and protests of the owner of the land to those who at various times used the alley in question. Dillon in his work on Municipal Corporations, vol. 2, sec. 637, and note 2, says : "Where there is no other evidence against the owner to support the dedication, but the *mere fact* of user for twenty years so that the right claimed by the public is purely prescriptive, it is essential to maintain it, that the user should be *adverse with a claim of right*, and *uninterrupted* and *exclusive* for the requisite length of time." *Gulick* v. *Fisher*, 92 Md. 357 ; *Oliver* v. *Hook*, 47 Md. 311 ; *Moore* v. *Raynor*, 58 Md. 411.

The Court below granted plaintiff's prayer upon the following grounds, some of which the Court announced verbally, others are my own, any one of which is sufficient to demon-

strate conclusively that said instruction was proper.   Admitting, for the sake of argument, that the defendant's testimony shows that the public is entitled to a right of way by user, the steps, boardwalk, the wall and post, being the encroachments or obstructions complained of by the defendant, did not interfere with the reasonable use of said alley by the public in the manner they were accustomed to use it,   According to the testimony of the Burgess himself there was room enough to get by with a team; that the width of a wagon is five feet from outside to outside of tires ; deduct thirty inches, the width of the steps, from thirteen feet nine inches, the width of the alley at that point,  the narrowest part, leaves eleven feet three inches, or more than enough for two wagons to pass   Many places on public county roads are not wide enough for two wagons to pass.   Charles P. Jones, one of the commissioners of New Windsor and a witness for defendant, testifies that a wagon would not be injured by that wall, but that the pipes or steps might be injured by the wagon.   If the public had acquired a right to use the alley it was only such use as shown by the evidence, and there is absolutely no evidence that said encroachments of the plaintiff interfered with such user, or interfered with the passage of persons or vehicles.  *Elliott on Roads and Streets*, 2 ed., p. 174 says : "If the right to the way depends solely upon user, then the width of the way and the extent of the servitude is measured by the character of the user, for the easement cannot be broader than the user.   Where there is no color of title the right will not extend beyond the actual possession (user) the *pedis possessio*."   See *Sedgw. & Wait Tr. of Tit. to Land*, sec. 761; *Frank* v. *Benesch*, 74 Md. 58; *Baker* v. *Frick*, 45 Md. 340; *State* v. *Trask*, 27 Am. Dec. 554 and note.

There is no pretense of any evidence of dedication, or that the public *required* this alley for their accommodation.   "If user be the only evidence of dedication it must have continued for twenty years ; and it seems that it must have been so used as to show that the public *require* it for their accommodation

and that the owner *intended* to dedicate it." *Washburn on Easements*, p. 140.

The defendant under its charter, chap. 519 of the Acts of 1900, sec. 13, could remove such encroachments or obstructions only by virtue of an ordinance, or because they violated an ordinance, even upon a public highway ; and there is no evidence of the existence of any ordinance whatsoever. The thing must be a nuisance and be so declared in the *ordinance*, and shown to be such by its location, or the sanitary condition of the town. *Pieri* v. *Shieldsboro*, 42 Miss. 493, 495. "A municipal corporation, without any general laws either of the city or the State within which a given structure can be shown to be a nuisance, cannot, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself." *Chicago R. I. & P. R. Co.* v. *Joliet*, 79 Ill. 44. A city council cannot, by a mere resolution or motion, declare any particular thing a nuisance, which has not been previously pronounced to be such by law, or been so adjudged by judicial determination." *Denver* v. *Mullen*, 7 Colo. 345, 353; *Hennessy* v. *St. Paul*, 37 Fed. Rep. 565. "A village incorporated by a charter authorizing it to abate a nuisance, may *by ordinance* abate such nuisance." *N. W. Fertilizer Co.* v. *Hyde Park*, 97 U. S. 659; *Sinclair* v. *Balto.*, 59 Md. 592; *Cochrane* v. *Frostburg*, 81 Md. 54. See elaborate note on powers of municipal corporations to define, prevent and abate nuisance, 36 L. R. A. 593.

There is no legally sufficient evidence that said alley was. enclosed with a uniform width on both sides ; the evidence shows a varying width, thirteen feet, nine inches in front and part near the rear end from fifteen feet to twenty-four feet. There was absolutely no evidence to indicate the lines of the alley.

There was no legally sufficient evidence to prove that the use of the alley in question by the public was inconsistent with the owner's use of it. "Where the proprietor of land has a private passway through it for his own use, the mere permissive use of it by others for half a century would not confer upon them any right to its enjoyment." *Hall* v. *McLeod*, 2

Metc. 98; *Elliott on Roads and Streets*, 2 ed., sec. 25; *Angell on Highways*, sec. 2; *Dexter* v. *Tree*, 117 Ill. 532; *Washburn on Easements*, 135; 57 *Amer. St. Rep. 758*, note and cases cited; *Coburn* v. *San Mateo Co.*, 75 Fed. Rep. 520, 532; *Palmer* v. *Palmer*, 55 Am. St. Rep. 653; *Quinn* v. *State*, 49 Ala. 353; *Lewis* v. *Portland*, 42 Am. St. Rep. 772; *Dovaston* v. *Payne*, 2 Smith's L. Cases, Hare and Wallace's notes, 155; *Gardner* v. *Lisdale*, 60 Am. Dec. 407.

The substance of the fifth plea is that the defendant necessarily removed said door-step, &c., as municipal corporation for the benefit of the public generally. Without legislative authority a municipality has no right to summarily remove obstructions or abate nuisances; its proper remedy is by bill in equity for an injunction or relief or by other appropriate action or proceedings to vindicate the rights of the public against encroachment or denial by individuals. And the defendant had no such legislative authority. *Dillon on Mun. Corp.*, vol. 2, sec. 659 and notes. Even where the Legislature confers such authority, it cannot be taken to authorize the extra-judicial condemnation and destruction of that as a nuisance which in its nature, situation, or use is not such. *Dillon on Mun. Corp.*, vol. 1, sec. 374.

McSHERRY, C. J., delivered the opinion of the Court.

This is an action of trespass *quare clausum fregit.* There are eighteen bills of exception in the record. Seventeen of them relate to rulings on the admissibility of evidence and one concerns the instruction given by the trial Court and also covers the twenty rejected prayers of the defendant. The facts which gave rise to the controversy are as follows : The plaintiff, Mrs. Eliza J. Stocksdale, is the owner of a house and lot of ground situated in the town of New Windsor in Carroll County. The lot fronts on Church street and runs back to a public lane which is parallel to Church street. On the east side of the house and lot there is an alley, thirteen feet and eight inches wide, extending from Church street back to the public lane. The east wall of the plaintiff's house is part

of the west line of the alley, and the remaining portion of the west line of the alley is marked by a fence and by the east face of a stable erected on the plaintiff's lot.   The plaintiff converted a window in the east wall of her house into a door-way which opened into the alley.   She put steps to this door-way and the steps extended thirty inches into the alley.   She constructed a board-walk of the width of thirty inches from the steps and along the east wall of the house to Church street.   Subsequently, and in order to prevent the surface-water from coming in contact with the foundation wall of her house, the plaintiff caused a trench to be dug beside the found-ation wall along the alley and built a brick wall some few inches distant from and parallel to the foundation, and she carried this parallel wall about six or eight inches higher than the level of the alley.   There was a drain-pipe extending from the house into the alley.   The Burgess and Commissioners of New Windsor removed the steps, they tore away the board-walk and that part of the parallel brick wall which projected above the surface of the alley and cut and removed the drain-pipe ; and they did these acts upon the assumption that the alley was a highway over which they had control, and upon the further assumption that the steps, board-walk, parallel wall and drain-pipe obstructed the free use of the alley by the public.   The plaintiff then brought this suit against the mu-nicipality to recover damages for those trespasses.   The dec-laration is in the usual form and alleges that the defendant, a municipal corporation, "broke and entered the plaintiff's close * * * * fronting seventy-seven and one-half feet on the north side of Church street * * * and running back two hundred and fourteen and a-half feet deep * * * * and being the same land that was conveyed to the said Eliza J. Stocksdale by Deborah A. Baile by deed dated October sixteenth, eighteen hundred and ninety-eight, and also by a confirmatory deed from said Deborah A. Baile to said Eliza J. Stocksdale dated April twenty-fifth, nineteen hundred," and then and there committed the acts of trespass above specified. The defendant pleaded, *first*, that it did not commit the wrongs

alleged ; *secondly*, that the land was not in the plaintiff's close ; *thirdly*, *liberum tenementum*, but this plea was withdrawn ; and *fourthly* and *fifthly*, that the alley was a highway, the free use of which by the public had been obstructed by the plaintiff, and that the supposed trespasses consisted in the removal by the defendant of those obstructions. Upon the issues framed on the first, second, fourth and fifth pleas the case went to trial and the trial resulted in a verdict for the plaintiff. Judgment was entered on that verdict and the defendant has brought the record into this Court on appeal.

Before proceeding to consider the numerous exceptions a brief statement of the legal principles governing actions of this character will be made because that method of dealing with the case will greatly shorten the discussion. The action of trespass *quare clausum fregit* differs widely from the action of ejectment. In the former the gist of the action is the injury to the *possession ;* whilst in the latter the plaintiff, in order to recover, must have the legal title to the land and a possessory right not barred by the Statute of Limitations. In the first, title need not be shown to be in the plaintiff, in the second, not only must title be shown to be in the plaintiff, but the title relied on must be a legal title superior to that of any other person. It is the settled law of Maryland that "any one who is in actual and exclusive possession of real estate or chattels real at the time of the trespass, though his occupancy be limited and temporary, and though he have no title whatever, may maintain this action (trespass *quare clausum fregit*) against any wrongdoer, or against any one who has not title himself or authority from the real owner." *Poe Pl.*, sec. 242; *Harker* v. *Dement*, 9 Gill, 11; *Tyson* v. *Shuey*, 5 Md. 550; *Wilson* v. *Hinsley*, 13 Md. 73. This form of action *may* be resorted to for trying *title* to land, as in *Ridgely* v. *Bond*, 17 Md. 22. When such is the case recovery can be had only on the strength of the plaintiff's *title*, just as in ejectment. But it does not follow by any means that proof of title in the plaintiff is an essential requirement in *every* instance where trespass *quare clausum fregit* is brought. A failure to remember that

it is not necessary in *every* action of trespass *quare clausum fregit* to prove title in the plaintiff will lead to confusion of thought and to consequent misapplication of legal principles. If it is not necessary for the plaintiff to prove title, of course it is not necessary to prove such a title as will support an action of ejectment. The learned senior counsel of the defendant rarely misapplies a legal principle, but his inadvertent omission to recall the distinction between an action of ejectment and of trespass *quare clausum fregit* in the particular just indicated, has led to the error which runs through the entire case. Under the pleadings *title* in the plaintiff to the *locus in quo* was not an issue which the plaintiff was required to sustain. And this is true because so far as the averments of the declaration are concerned, the right of the plaintiff to recover depended on bare possession, and that right the defendant if a mere wrongdoer, could not defeat by proving an outstanding title in a stranger. Possession will support the action against any person other than the real owner or some one in privity with him. The issues made up on the pleas did not cast upon the plaintiff the duty to show *title* to the *locus in quo;* for the *first* plea merely denied the trespass and damage, *Stephen Pl.*, 160; *Poe Pl.*, sec. 250; the *second*, disputed the possession ; and the *fourth* and *fifth* sets up new matter by way of confession and avoidance, which drew upon the defendant the burden of proof to sustain the avoidance. We have, then, so far as respects the plaintiff, the simple case of an action of trespass to recover damages for an injury to her possession ; and the constituent factors to be proved were, *first,* possession ; *secondly*, an invasion of that possession by the defendant, and *thirdly*, the amount of damages occasioned thereby. Under the plea of not guilty it was competent to the defendant to show title to the *locus in quo* in itself and the right of immediate possession ; for if the plaintiff had neither title *nor* the right of possession she could not maintain the action. *Storr* v. *James*, 84 Md. 289.

The plaintiff offered evidence tending to establish all of the constituent factors which were necessary to make out her

case. The exceptions numbered *one, two, three, four, five, five,* and *six* (there are two numbered *five*) were reserved by the defendant to the action of the Court in overruling objections to the admissibility of evidence offered by the plaintiff; and the remaining exceptions, other than the *eighteenth,* were taken to the refusal of the Court to admit evidence offered by the defendant and to the admission of evidence on the cross-examination of the defendants' witnesses, and finally to the admission of certain evidence in rebuttal.

In the *first* and *second* exceptions it is alleged there was error because the trial Court admitted in evidence the deed and the confirmatory deed referred to in the declaration. The ruling was obviously right. Even if the deeds had been offered to prove title they would have been admissible, because the plaintiff may begin at either end of the case she pleases, and as she could not in one offer embrace her whole case she was entitled to present the items of proof separately. These deeds together with the oral testimony set out in the *third* exception and in one of the exceptions numbered *five* and in the *sixth* exception tended to show the outlines of the plaintiff's land, and that the *locus in quo* was within those outlines. This was clearly competent to identify the plaintiff's holdings and therefore to show the extent of her possession. Besides this, the deeds tended to show color of title in the plaintiff and therefore to negative the suggestion that she was a mere trespasser herself; and even had the deeds been void they would still have been admissible as showing, not *title,* but the character of her possession. "Where the plaintiff is actually in possession in person or by his agents or servants, but without title, as, for example, under a void or parol lease, and the defendant is a mere wrongdoer, entering without right," the bare possession is sufficient to sustain the action. *Poe Pl.,* sec. 245. There was no error committed in the rulings set out in the *first, second, third, fifth* and *sixth* exceptions. The other exception numbered *five* was taken to the admission in evidence of the minutes of the proceedings of the Burgess and Commissioners relative to the alleged acts of trespass. These

minutes were competent evidence.   They showed the resolu-
tions adopted by the town authorities and directing the bailiff
to remove the steps, board-walk and other structures men-
tioned in the declaration.   This was evidence directly show-
ing that the trespasses complained of had been committed by
the municipality.   The *fourth* exception was taken to a ruling
allowing the plaintiff to show how the removal of the brick
wall affected the plaintiff's property.   The ruling was clearly
correct.   It simply admitted evidence tending to prove a part
of the damage sustained by the plaintiff.

There is no exception numbered *seven* in the record.

The *eighth* exception became immaterial by reason of the
answer given by the witness to the question objected to.

The *ninth, tenth, eleventh* and *twelfth* exceptions relate to
rulings by which the defendant was denied the right to show
by oral testimony and record evidence that the deeds held by
the several persons who formerly owned the lot conveyed to
Mrs. Stocksdale, did not include the alley in their outlines.
It was not proposed in these exceptions or in any others to
show that the *title* to the alley was in the *defendant*, but merely
that it was *not* in the plaintiff.   The evidence thus offered was
not relevant or material.   Plaintiff's title was not in issue and
the offer did not include a proposal to prove title in the de-
fendant.   It might have been true that the former owners of the
Stocksdale lot did not own the alley, and it might have been
also true that the lines of plaintiff's deed did not include the
alley; but this would not have defeated her right to recover
for an injury to her possession, if she was in actual possession,
unless the offer had gone further and had proposed to show
that the title and the right of possession were in the defend-
ant.   This is strictly in accord with *Parker v. Wallis*, 60 Md.
15.   That case holds nothing more than this, that though
title is not in the defendant, he may still defeat the action when
the plaintiff has neither title nor the right of possession.   Sup-
pose it were conceded that the plaintiff had no paper title or
color of title to the alley, yet if she was in actual possession
of that part of the alley upon which the steps, the board-walk

and the brick wall were located, she would have been entitled to recover damages for the invasion of that possession unless the real owner entitled to possession, or some one claiming under such owner, had been the person who committed the trespass. It is nowhere pretended that the Burgess and Commissioners had title to the alley. There is some evidence tending to show that the alley had been used by the public, but there is not a particle to show that it had been conveyed to the town or that it had been dedicated to the public and had been accepted by the municipality. The proffered evidence even if it had been admitted would not have exculpated the defendant or defeated the action, and its exclusion, therefore, did no injury.

In the *thirteenth* exception an attempt was made to show how particular individuals would be incommoded or injured if the alley were *closed*. It was proposed to show that those persons had no other outlet save the alley. This was entirely aside from the issues in the case. The consequences resulting to a few persons from *closing* the alley had nothing to do with the issues raised by the *fourth* and *fifth* pleas, for they related to a *partial* obstruction of the alley to the detriment of the *public*. The rejected evidence tended to prove a probable *private* nuisance, the pleas justified the acts of the defendant on the ground that they were committed in lawfully abating a *public* nuisance.

The *fourteenth* exception presents no difficulty. A laborer testified that he had received instructions from the Burgess to mow the grass on all the streets and alleys and to miss none. The witness was then asked: Did you mow this alley and were you paid by the town for doing so? The question was objected to by the plaintiff and was excluded by the Court. If the witness had answered yes, it would not have been any evidence showing acceptance by the town of an antecedently dedicated highway; because such a trifling act as mowing grass on a single occasion by direction of a municipal officer was colorless. Acceptance of a dedication must be by competent authority and it may be evidenced in one of three ways,

viz.: by deed or other record; by acts *in pais,* such as open-ing, grading or keeping the road in repair at the public expense; or by long continued user on the part of the public, *City of Balto.* v. *Broumel,* 86 Md. 158. The proof of a single in-stance of no significance would not measure up to these re-quirements. Besides all this, the very Burgess who directed the laborer to mow all the streets and alleys himself testified in the *sixteenth* exception that he did not instruct any one to do any work on this particular alley for the corporation.

The *fifteenth, sixteenth* and *seventeenth* exceptions relate to acts done and declarations made in respect to the alley by Peter Baile at the time he was the owner of the Stocksdale lot and in possession of it and the alley. Evidence had been ad-duced by the defendant tending to show that the public had uninterruptedly used the alley since eighteen hundred and sixty-nine. In rebuttal the plaintiff proved that Peter Baile when owner of the lot closed the alley on several occasions and in various ways, and that at the times when he obstructed it or shortly afterwards he declared that he had so closed it to prevent the public from acquiring a right to use it. The qual-ity and intention of acts may be proved by evidence of decla-rations accompanying, or so nearly connected with them in point of time as will serve to explain their true character and purpose. *McDowell* v. *Goldsmith,* 6 Md. 319. The rule ap-plicable to *res gestae* does not require that the circumstance proposed to be given in evidence should have occurred at the precise time when the principal fact happened. If it arose either at the time or so soon thereafter as to constitute a part of the transaction, it serves to give color and definiteness to it. *Handy and Tull* v. *Johnson,* 5 Md. 450. The declarations ob-jected to fall strictly within these rules of evidence and no error was committed in permitting them to go to the jury. For the same reason there was no error in rejecting the de-fendant's *eleventh* and *thirteenth* prayers.

The instruction given by the Court in lieu of the plaintiff's prayers is objected to; *first,* because it permitted a recovery without proof of title; *secondly,* because, it left to the jury a

question of law, in this, that it submitted to the jury the determination of what was possession; and *thirdly*, because it ignored the defense relied on in the *fourth* and *fifth* pleas. With regard to the first objection nothing further need be said than has already been stated in an earlier part of this opinion. Possession is sufficient to sustain the action against a wrongdoer, or one not the legal owner entitled to possession, or one not claiming under such owner. There is not the faintest particle of evidence indicating that the municipality owned the alley, or that it claimed, in what it did, to act under any one who did have the legal title to the alley. The instruction was not specially excepted to in the trial Court on the ground that it submitted a question of law to the jury. Under Rule 4, which is *sec. 9, Art. 5 of the Code*, no objection to the effect that a prayer submits a question of law to the jury can be availed of in this Court unless the record discloses the fact that the same objection had been interposed in the Court below. But was there a question of law submitted to the jury? "What constitutes possession," says Mr. Poe, "is a question of law for the Court upon the facts of the case." *Poe Pl.*, sec. 246. This statement is absolutely correct in the connection in which it was used. The learned author was dealing with the question of *adverse* possession and all of the cases cited in the note to *sec. 246* are cases of adverse possession. What constitutes *such* possesion is obviously a question of law for the Court; but whether facts exist is a question for the jury. *Matthews* v. *Ward*, 10 G. & J. 443; *Thistle* v. *Frost. Coal Co.*, 10 Md. 146; *Keener* v. *Kauffman*, 16 Md. 307; *Sadtler* v. *Peabody Heights Co.*, 66 Md. 1. The instruction did not deal with adverse possession. It had relation to *actual* possession; and there can be no doubt that the plaintiff was, when the trespasses were committed, in the actual possession of that part of the alley occupied by the steps, the board-walk and the brick wall. Whether she was thus in actual possession was a question of physical fact strictly within the province of the jury to find; and it was in no way complicated with legal principles that bear upon and control the

determination of the inquiry as to what constitutes adverse possession. The last objection to the instruction, viz., that it failed to allude to the defense made by the *fourth* and *fifth* pleas cannot prevail. There was no evidence adduced to support those pleas. There *was* evidence tending to show that the public had used the alley for a long time; but if that evidence established a right in the *public* to use the alley it wholly failed to show a right in the *municipality*, or that the alleged obstructions were removed for the purpose of enabling the *municipality* to use the highway, as alleged in the *fourth* plea; and the evidence equally failed to prove that the *municipality* had the right or authority to remove the alleged obstructions "for the purpose of enabling all persons to go and return * * * * over said highway," as alleged in the *fifth* plea. There is nothing in the record to show that the municipality possessed the power to remove the steps, the board-walk or the wall, because they were nuisances which obstructed the free use of the alley. "It is a doctrine not to be tolerated in this country," said the late Mr. Justice Miller in *Yates* v. *Milwaukee*, 10 Wall. 497, "that a municipal corporation without any general laws either of the city or of the State within which a given structure can be shown to be a nuisance, can by a mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business and all property in the city at the uncontrolled will of the temporary local authorities."

We come now to the twenty prayers presented by the defendant. The *first, second* and *third* sought to withdraw the case from the jury on the ground that there was no legally sufficient evidence entitling the plaintiff to recover. From what has been said it is manifest that those prayers could not have been granted. The *fourth, fifth, seventh, eighth* and *twelfth* asked instructions denying a recovery because of alleged want of *title* in the plaintiff. But her right to maintain the action did not depend on her title as has already been pointed out, and the prayers were, therefore, properly refused.

The *sixth* prayer asked the Court to rule that there was no
evidence showing that the plaintiff was in *possession* of the
*locus in quo*.   The structures were permanent and securely
built and were used by the plaintiff.   There is no room for
controversy as to her being in actual possession of the ground
covered by them.   Whether she was *rightfully* in possession
as against the true owner if she herself was not the true owner
is distinctly different from her being *actually* in possession.
The *tenth* prayer asked a ruling that there was no legally suf-
ficient evidence of *title* or *possession*.   As to *title* there was no
need that there should be evidence ; as to *possession* what has
just been said respecting the *sixth* prayer applies to the *tenth*.
The *fourteenth* prayer, erroneously marked the *fourteenth plea*,
the *fifteenth* and the *sixteenth* prayers are all open to the ob-
jection that they do not submit to the jury to find, as the
*fourth* and *fifth* pleas allege, that the steps, walk and wall *ob-
structed* the use of the alley by the public; but deny a recov-
ery if the defendant removed or abated them even though
they did not interfere with the use of the alley.   Upon the
defendant's own theory its authority to remove the structures
was dependent on the fact that those structures were *obstruc-
tions ;* but these prayers wholly eliminated that essential ele-
ment of defense and justified their removal though they occa-
sioned no inconvenience.   The *seventeenth* and *eighteenth*
prayers lacked evidence to support them.   There was no evi-
dence that the structures erected by the plaintiff "prevented
the use of said alley-way for travel *in the manne*r that it
had been used before the said" structures were built.   There
was no evidence that the *manner* of use had been interfered
with at all—the most that could be claimed was that the *width*
devoted to public use was slightly abridged.   Besides the
prayers are at variance with the *fifth* plea.   That plea justified
the removal of the structures on the ground that their re-
moval was necessary "for the purpose of enabling all persons
to go and return" over said alley ; whereas the prayers do
not submit to the jury to find whether the structures were re-
moved in order to restore the accustomed way, but restrict

them to ascertaining whether the alleged obstructions were demolished "for the purpose of abating and removing them" without the slightest reference as to whether their destruction was for the purpose of enabling all persons to go and return. The *nineteenth* and *twentieth* prayers widely diverge from the issues. The *fourth* and *fifth* pleas refer to *obstructions* in the alley ; the *nineteenth* and *twentieth* prayers proceed upon the hypothesis of a *closing* of the alley. The right of the plaintiff to close the alley was not involved and it would have led the jury far afield from the real issues had they been instructed with reference to the total *closing* of the alley.

As we find no errors in the rulings excepted to, the judgment against which the pending appeal was taken will be affirmed.

> *Judgment affirmed with costs above and below.*

(Decided June 17th, 1902.)