PAINTER D. WEST *vs.* RICHARD G. PUSEY ET AL.

*Tresspass q. c. f.—Plaintiff's Title Equitable and Not Legal— Deed Not Recorded in County Where Land is Situated.*

In an action of trespass *q. c. f.,* when the plaintiff was not in possession of the land nor the defendant a wrongdoer without color of title, the plaintiff must establish a legal title to the land as a condition of recovery.

Certain land situated partly in Worcester County and partly in Somerset County was mortgaged, and the mortgage was recorded in Somerset County only. Upon foreclosure, the trustee conveyed the land to the purchaser by deed, also recorded only in Somerset County. Afterwards this grantee conveyed the land to the plaintiff by deed recorded in Worcester County. In an action of trespass *q. c. f.,* relating to that part of the land in Worcester County, against a defendant who was in possession under a claim of ownership, *held,* that the plaintiff is not invested with the legal title, but has only an equitable interest, and is therefore not entitled to recover in this action, since Code, Art. 21, secs. 14, 15 and 29, provide that no deed of real property shall pass title unless recorded as therein directed; that mortgages shall be recorded in like manner as deeds, and that when land lies in more than one county a deed conveying it shall be recorded in all the counties where it is situated.

*Decided June 23rd, 1910.*

Appeal from the Circuit Court for Worcester County (HOLLAND, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and URNER, JJ.

*John H. Handy,* for the Appellant.

*William F. Johnson,* for the appellees, submitted the cause on his brief.

URNER, J., delivered the opinion of the Court.

This is an action of trespass *quare clausum fregit* instituted for the purpose of trying the title to land claimed by both the appellant and the appellees. The declaration describes the land upon which the trespass is alleged to have been committed as located in Worcester County and being part of certain tracts of land conveyed to the plaintiff by Thomas H. Gaither and wife by deed dated September 30th, 1901, and recorded among the Land Records of that county and adjoining the lands of the defendants. Defense was taken on warrant in connection with a plea of the general issue. At the execution of the warrant of resurvey and at the trial the plaintiff relied for his title upon the following papers: a patent from the State to Jehu Parsons dated July 12th, 1839, for a tract of 852¼ acres of land, called Fleming's Security, situated in Somerset and Worcester Counties; the will of the patentee probated in 1859 devising to William S. Parsons the "farm called Fleming's Security;" a mortgage from William S. Parsons to Thomas H. Gaither, dated September 28th, 1883, and recorded in *Somerset County only* conveying Fleming's Security and describing it as being situated in *Somerset* County and as being all that farm devised to the mortgagor by the will of his father, Jehu Parsons; the record of chancery proceedings in the Circuit Court for Somerset County in which a power of sale

in the mortgage was executed and the property sold and conveyed to the mortgage; a deed to the mortgagee from George R. Gaither, Jr., the attorney named in the mortgage, bearing date September 30th, 1901, and recorded in *Somerset County only;* and the deed already mentioned from Thomas H. Gaither and wife to the plaintiff, dated September 30th, 1901, and recorded in *Worcester* County. The last mentioned deed described the land conveyed as lying partly in Somerset and partly in Worcester Counties.

The defendants relied upon patents issued in 1681 and 1769, respectively, and numerous subsequent conveyances.

Evidence was adduced by the plaintiff tending to show that the disputed ground, which contained about ten acres, was within the lines of the deed and the patent under which he claimed, and showing also that it had been in the possession of the defendants and had been cultivated by them regularly from year to year for a considerable but undesignated period under claims of ownership.

The case was heard by the Court without the aid of a jury and at its conclusion an instruction was granted to the effect that under the pleadings there was no legally sufficient evidence to entitle the plaintiff to recover. It is this ruling of the Court below that we are now called upon to review.

The principal question presented, and the only one necessary to be considered, is whether the plaintiff has shown such a title as will enable him to maintain an action of this character. This is not an ordinary suit in trespass brought by the possessor of land against one who has wrongfully entered, in which case proof of the plaintiff's possession is sufficient without regard to his title. *New Windsor* v. *Stocksdale,* 95 Md. 208; *Poe Pl.,* sec. 242. We have here to deal with a proceeding in which, under the pleadings, the sole question is one of title as between *bona fide* claimants. In such a situation proof of title in the plaintiff is indispensable. It is well settled in this State that an action of trespass *quare clausum fregit* is available for the trial of title to land;

*Ridgely* v. *Bond,* 17 Md. 22; *Poe Pl.,* sec. 244, and cases there cited; but when it is resorted to for that purpose "recovery can be had only on the strength of the plaintiff's *title,* just as in ejectment." *New Windsor* v. *Stocksdale, supra.* It would be necessary in ejectment for the plaintiff to establish a legal title to the land in dispute. An equitable title would not support the action. *Paisley* v. *Holzhu,* 83. Md. 325. In this form of proceeding at law, adopted for the identical purpose that would be accomplished by an ejectment suit, so far as the determination of the title is concerned, the same principle should control.

It is apparent from the record that the plaintiff failed to make out such a title as can be enforced in this suit at law as against one holding under a *bona fide* claim of ownership. While the evidence, as we have stated, tends to show that the ground in controversy is within the description of plaintiff's deed, yet it fails to prove that he has acquired title by any legal mode of conveyance.

The law is explicit in requiring deeds of real estate to be recorded in the county in which the land is situated; "and where it lies in more than one county, * * * it shall be recorded in all the counties * * * in which such land lies." (*Code,* Art. 21, sec. 13.) It is also provided that "no deed of real property shall be valid for the purpose of passing title unless acknowledged and recorded as herein directed." (*Ibid.* sec. 15.) And that deeds of mortgage conveying any interest in land shall be executed, acknowledged and recorded as absolute deeds. (*Ibid.,* sec. 29.)

Two of the attempted transfers of title upon which the plaintiff depends wholly disregarded the provisions just quoted. Neither the mortgage from William S. Parsons to Thomas H. Gaither, nor the deed to the latter from the attorney named in the mortgage was recorded in Worcester County, where the land in question is located. These instruments, therefore, could not operate to convey the legal title to the Worcester County land. As was said in *Nickle* v. *Brown,*

75 Md. 172: "The recording is the final and complete act which passes the title; until this is accomplished everything else is unavailing. As the recording is necessary to the passing of the title, it must follow as a matter of course that until the recording takes place, the title remains in the grantor. The registered deed shows the title; whatever other rights may arise from the unregistered deed, it cannot effect a transmission of the legal title."

The mortgage and the deed executed in pursuance of the power of sale were effective as contracts of conveyance, but the interest they transferred was equitable and not legal.

The deed to the plaintiff, though recorded in the county of the *locus in quo,* did not invest him with any more complete estate than that held by the grantor, and until the title has been perfected by appropriate proceedings for that purpose, it cannot be successfully asserted in an action like the present, where its legal validity is the sole issue, as against an opposing occupancy and claim of ownership.

It follows that we approve the instruction granted by the Court below holding the evidence legally insufficient for the plaintiff's recovery.

This determination makes it unnecessary to pass upon the other prayers.

*Judgment affirmed with costs.*