GORE *v.* JARRETT ET AL.
[No. 110, October Term, 1948.]

514

515

*Decided March 10, 1949.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*C. Burnam Mace* and *Charles H. Gibson*, with whom was *A. Stengle Marine* on the brief, for the appellant.

*V. Calvin Trice* and *James A. McAllister* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is an action of trespass to real property in Dorchester County. Plaintiff, Oliver R. C. Gore, alleged that defendants, Cassell M. Hall, J. Wilbur Jarrett and Joseph Scofield, had entered his land about one mile from Big Blackwater Bridge in Taylor's Island District, and had cut down and carried away a large number of trees.

He alleged that he had acquired the land from his brother, Matthew E. Gore, by deed executed October 24, 1939, which describes the land as the tract known as "Cow Range" and "New Fair," and generally known as the "Johnson Farm," containing about 147 acres; and that the tract is sometimes referred to as the "Dunnock Place" adjoining "Gum Swamp," containing 234 acres.

Plaintiff dismissed the suit against Hall, and at the close of plaintiff's case the Court directed a verdict in favor of Jarrett. The trial accordingly proceeded against Scofield alone. Jarrett testified that he had sold to Scofield the timber northwest of the North-40 degrees-East line, and that Scofield had cut the timber. Plaintiff claimed that the Johnson Farm includes all of the land northwest of the North-5 degrees-East line, including the area in dispute; while defendant claimed that it includes only the portion of three patents lying between the North-5 degrees-East line and the North-40 degrees-East line. No objection was made to the charge to the jury, in which the Court said that the real dispute in the case was what the Johnson Farm includes. The jury rendered a verdict in favor of defendant. Judgment was extended on the verdict in favor of Scofield, but judgment was not extended in favor of Jarrett. Upon motion to dismiss plaintiff's appeal, plaintiff consented to dismissal of the appeal as to Jarrett. Scofield also moved to dismiss the appeal on the ground that judgment should have been entered by the clerk in his favor immediately after verdict, i. e., more than thirty days before the appeal. Judgment, however, was not actually entered until immediately before the appeal. We think the appeal was taken against Scofield in time. We, therefore, consider the appeal from the judgment in favor of Scofield.

The right to maintain the action of trespass *quare clausum fregit* exists in this State, whether the trespass was committed wilfully and wantonly or unwittingly. Judge Ritchie said in *Atlantic & George's Creek Consolidated Coal Co. v. Maryland Coal Co.*, 62 Md. 135, 143: "The owner of adjoining property is held to know the

boundaries between him and his neighbor. * * * If the trespass has been committed through negligence or design, punitive damages in addition may be recovered." The gist of the action of trespass is injury to the possession, and therefore any person in actual and exclusive possession of real property at the time of the trespass, even though he had no title whatever, may maintain the action of trespass against any person who had no title himself or authority from the real owner. *Tyson v. Shueey*, 5 Md. 540, 550; *Wilson v. Hinsley*, 13 Md. 63, 73; *New Windsor v. Stocksdale*, 95 Md. 196, 208, 52 A. 596. However, the law is clear that the action of trespass *q. c. f.* is available for the trial of title to real property. *West v. Pusey*, 113 Md. 569, 571, 77 A. 973. Where the plaintiff in an action of trespass to real property claims to have the title and by virtue thereof the possession, and the defendant likewise claims the title and the possession, the controversy will be decided in favor of the party who is found to have the title, since the possession in such a case is dependent upon the title. *1 Poe, Pleading and Practice*, Tiffany's Ed., sec. 245.

In the case at bar evidence of title from both plaintiff and defendant was introduced, and the jury decided in favor of defendant. The jury found in effect that the Johnson Farm includes only that portion of the three patents lying between the North-5 degrees-East line and the North-40 degrees-East line. The jury decided, in other words, that Jarrett had title to the area in dispute and consequently possession. We cannot reverse the judgment in favor of Scofield unless the trial Court committed error in some ruling on the evidence.

Plaintiff's first objection is to the admission in evidence of five deeds for the tract of timber land known as "Gum Swamp," offered by defendant. These were: (1) a deed made in 1930 conveying one-half interest in the tract to Samuel W. Linthicum; (2) a deed made in 1938 conveying the other one-half interest to Samuel W. Linthicum; (3) a deed made in 1938 by trustees in equity conveying one-half interest in the tract to Jarrett;

(4) a deed made in 1938 by Samuel W. Linthicum and wife conveying the other one-half interest to Jarrett; (5) a confirmatory deed made in 1941 by the trustees in equity to Jarrett. While "Gum Swamp" is not shown on the plat, a surveyor found that the land in dispute is included within the courses and distances prepared for "Gum Swamp." The five deeds were admissible in evidence, as the description of the land thereby conveyed tended to show that Jarrett had title to the land in dispute.

Plaintiff's next complaint is that he was not allowed to answer the question: "Did there come a time when you bought these lands in question?" In an action of trespass it is ordinarily permissible for the plaintiff to testify that he bought the land in dispute and paid for it. *Miller v. Miller,* 41 Md. 623, 630. In the case at bar, however, the Court properly rejected the question, because the plat had not yet been introduced in evidence, and the jury could not know what plaintiff meant by "these lands," even if plaintiff answered the question in the affirmative.

Plaintiff also complains because the Court struck out his testimony and that of three of his witnesses as to where his brother-in-law, Henry Meekins, lived. We find no reversible error in this ruling. The house in which Meekins lived was not shown on the plat, and therefore the witnesses could not testify as to the location of the house on the area in dispute.

Plaintiff further complains because the Court struck from the record the figures from the county assessment book for Taylor's Island District in relation to the transfer of the assessment of the "Dunnock Place," adjoining "Gum Swamp." J. Thomas Price, clerk to the County Commissioners of Dorchester County, testified that the property transferred from W. Alvin Linthicum to Matthew E. Gore contained 234 acres. It appears that plaintiff offered the assessment record only to show the description of the property and the person to whom it was transferred. Upon defendant's motion, the Court struck

the figures from the record. No objection was made to the Court's action in striking them out. Where a party objects to evidence which has already been admitted and the trial court rules that it will be excluded, the record to be sufficient for basing reversible error thereon must show that some further ruling was made or sought before the close of the case. The Court of Appeal cannot decide any question in any civil or criminal case which does not plainly appear by the record to have been tried and decided by the trial court. Rules of Court of Appeals, rule 9; *Davis v. State,* 189 Md. 269, 55 A. 2d 702; *Kennedy v. Crouch,* 191 Md. 580, 586, 62 A. 2d 582, 585.

Finally, plaintiff complains because the Court struck out his answer to the question: "Have you observed anything about the use of that gate?" His answer was: "The use of the gate was when these people entered in there and began cutting the timber. They travelled back and forth through this gate and I put a chain on it." The answer was stricken out on motion of defendant. Here again we cannot consider the objection on appeal, as no objection was made to the action in the trial Court.

As we have found no reversible error in any of the Court's rulings on the evidence, the judgment entered upon the jury's verdict will be affirmed.

Appeal from verdict in favor of J. Wilbur Jarrett dismissed, with costs.

*Judgment in favor of Joseph Scofield affirmed, with costs.*