## WILLIAM B. WITHERS *v.* FERRERO CONSTRUCTION COMPANY

[No. 555, September Term, 1973.]

*Decided June 13, 1974.*

The cause was argued before MOYLAN, MENCHINE and DAVIDSON, JJ.

*Victor L. Crawford* for appellant.

*J. Willard Nalls, Jr.,* for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appeal at bar involves only the sufficiency of the plaintiff-appellee's pleading. The plaintiff-appellee, Ferrero

Construction Company, was in 1969, and for many years theretofore, the owner of an eleven-acre tract of land in Montgomery County. The evidence revealed that this land had been purchased so that it might be developed and sold as single-family dwelling lots. The plaintiff-appellee had proposed to subdivide his property into 17 such lots.

A neighboring tract of land was owned and was being developed by the Clark-King Construction Company, one of the defendants below. Clark-King had employed M. W. Mundy, another of the defendants below, to do road grading work. Mundy, in turn, obtained the services of William B. Withers, the defendant-appellant, to remove certain trees which Mundy claimed were in the right-of-way of the road. Mundy pointed out to Withers where the right-of-way was to run. He instructed him to remove all large trees which were in the way. Withers proceeded to remove these trees, acting through his employees, Flowers and Young.

On November 26, 1969, at approximately 5:15 p.m., Paul Ferrero, President of Ferrero Construction Company, discovered someone cutting walnut trees on "his company's property." The trees were growing close to the line of division between the Ferrero property and the Clark-King property. Seven such trees were cut down. All of them had been on what was intended to be a lot numbered 21. The trees that were cut were more than 500 feet from the proposed right-of-way of Chateau Drive, which was the new roadway which Mundy had been hired to build. There was no dispute over the fact that the appellant, and his employees Flowers and Young, were on the Ferrero property and that the trees which were cut were also on said property.

An original declaration was filed by the Ferrero Construction Company against Withers, Mundy and Clark-King on April 7, 1970. An amended declaration was filed on June 10, 1970. On December 20, 1972, it was amended again by the interlineation of the adverb "negligently." It ultimately charged, in pertinent part, that the defendants "did negligently, wantonly and recklessly, break and enter certain land owned by the Plaintiff . . . and did negligently, wilfully, wantonly and recklessly fell eight

(8) hardwood trees, the property of the Plaintiff, which created a natural boundary and live screen for lots being developed by the Plaintiff and converted the same to his own use."

The case came on for trial before Judge Ralph G. Shure, without a jury, in the Circuit Court for Montgomery County. The only serious dispute revolved about the measure of damages. The defendants maintain that the declaration restricted itself to the conversion of the trees, severed from the realty, and that damages had to be assessed on the basis of the value of the trees simply as lumber, or as firewood. Judge Shure ruled, however, that the declaration had properly made out a case involving a trespass to land. He required the plaintiff to elect which theory of damages it would proceed upon — (1) the value of the trees as so much timber or firewood, (2) the value of the trees, as trees, at the time and place of their destruction, if they had a calculable value separate from the land upon which they stood, or (3) the value of the land before the trespass minus the value of the land after the trespass. The plaintiff elected the latter. Judge Shure offered all defendants the option of a continuance, in the event that they felt that they had been taken by surprise and were not prepared to defend on the basis of "before and after value." The appellant affirmatively declined the offer and expressed his wish that the trial proceed forthwith.

An expert witness offered his opinion that the value of the entire eleven-acre tract had been $230,000 with the trees in place and was reduced to $213,000 with the trees gone, a diminution in value of $27,000. Narrowing the focus to Lot 21, he offered the opinion that the value of the lot before the removal of the trees was $31,500 and that the value of the lot after their removal was $24,000, a diminution in value of $7,500.

The appellant, on the other hand, persisted in his theory that only a conversion of personal property was involved and not a trespass *quare clausum fregit*. He produced an expert who testified that the trees had been located near an old barn and, as a result, they were "full of metal." He detected

so much metal that he concluded that the trees were unusable even for cut lumber. He testified that they were valuable only when sawed up for firewood. He placed a value on the trees as firewood at $636.

The court found that there had been a trespass *quare clausum fregit* and a resultant diminution in the value of the land. He found that the trees had had both an aesthetic value and that they had supplied valuable shade, screening and a buffer to noise from adjoining school grounds. He rendered a judgment in favor of Ferrero against all three defendants in the amount of $7,500. He found no justification for any additional punitive damages. Withers alone elected to appeal that judgment.

The appellant's claim is that the declaration is limited, by its very terms, to an action in conversion for the value of the trees which were cut. He urges that the plaintiff was precluded from using the diminution in the value of the land as a measure of damages because of his failure expressly to plead it. The only difficulty in answering the appellant's argument is posed by the very insubstantiality of that argument. He cites no authority in direct support of the proposition he urges.

The appellant relies primarily on the following sentence from *Samson Co. v. Brusowankin*, 218 Md. 458, 465:

> "It is a fundamental principle that one whose real property has been damaged should recover an amount sufficient to compensate him fully for losses which are the proximate result of the wrongdoer's conduct, *which he pleads* and proves." (Emphasis supplied)

He erects his entire argument out of the strained construction which he gives to the three words in the final subsidiary clause: "which he pleads." He argues on the basis of these naked words alone that the pleadings must expressly set out not simply the wrongful conduct, not simply the fact of loss and not simply the proximate causation between the conduct and the loss, but also the specific manner in which losses are to be computed. The

effort illustrates the pitfall of looking at words rather than distilling the holding of a case. The *Samson* case does not deal with and does not consider the adequacy of pleadings. The four authorities cited for the sentence quoted above do not remotely deal with questions of pleading. The thing decided by *Samson*, rather, was that the plaintiff does, indeed, have an election as to the measure of damages. The full discussion in *Samson* is supportive of the plaintiff-appellee's position that there are alternative methods of computing damages and that the election of method, with certain limitations not here pertinent, is in the plaintiff. *Samson* holds, at 465-466:

> "We turn to consideration of the proper measure of, and the testimony as to, damages. It is a fundamental principle that one whose real property has been damaged should recover an amount sufficient to compensate him fully for losses which are the proximate result of the wrongdoer's conduct, which he pleads and proves. 15 Am. Jur. *Damages* § 106; 34 Am. Jur. *Logs and Timber* § 131; *Baltimore Belt R. R. Co. v. Sattler*, 102 Md. 595, 601; *The Redemptorists v. Wenig*, 79 Md. 348, 355. The general rules may be summarized as follows. If the real value of trees wrongfully severed is as timber, their value as timber may, if sought, be recovered, and often a statute will — as does Code, 1957, Art. 66C, Sec. 368 — provide for double or treble actual value as damages. (Generally such increased damages are treated as punitive. *Superior Construction Co. v. Elmo*, 204 Md. 1, 14.) Where it is alleged and proved that trees destroyed had a calculable value separate from that of the land on which they stood, many cases have applied the measure of the reasonable value of the trees at the time and place of their destruction. Where the separate value of the trees destroyed is not susceptible of exact proof, or complete compensation cannot be afforded without consideration of the loss in relationship to the land

as a whole, based on its previous condition, the courts often have said that a proper measure of damages is the difference in the value of the land before and after the act complained of."

The appellant also looks to *Regal Construction Co. v. West Lanham*, 256 Md. 302, 305, but to no avail:

"It is no longer open to question that the Maryland rule is that damages may be measured in cases of this sort *at the plaintiff's election* either by the loss of value which results from the harm, or by the cost of restoration, subject to the limitation that if cost of restoration is disproportionate to diminution in value, then damage will be measured by the difference in value before and after the harm unless there is a reason personal to the owner for restoring the original condition." (Emphasis supplied)

He argues simply upon the basis of the phrase "at the plaintiff's election." Neither the case nor the phrase deals with the requirements of pleading.

The answer may more appropriately be found in Art. 75, § 14, "Forms of Pleadings," and Subsection (28) thereunder:

"§ 14. Forms given to be sufficient; substance only need be expressed.

The forms of pleadings which follow shall be sufficient and the like forms may be used with such modifications as may be necessary to meet the facts of the case, but nothing herein contained shall render it erroneous or irregular to depart from said forms so long as substance is expressed.

. . .

*For Wrongs Independent of Contract.*

(28) That the defendant broke and entered certain land of the plaintiff, called "The Orchard," in .............. county, and depastured the same with cattle."

In *Oasis Nite Club, Inc. v. Diebold,* 261 F. Supp. 173, Judge Kaufman, for the District Court of Maryland, dealt with that very provision of Art. 75 of Maryland law. He pointed out the essential elements for a declaration alleging trespass *quare clausum fregit,* at 174-175:

> "Plaintiff has asserted in its declaration that the defendant 'did willfully, maliciously and wrongfully break into (by picking the lock) and enter upon the property of the Plaintiff . . . and thereupon did willfully, maliciously and wrongfully, break into two safes of the Plaintiff at and within said premises.' Plaintiff has also alleged 'that the said action of the Defendant [quoted above], its agents, servants or employees, was undertaken and executed without lawful authority, and said action . . . caused considerable damage to said property of the Plaintiff . . . .
>
> . . . The Court holds that the allegations in the declaration quoted above state the classic factual elements of a cause of action for trespass *quare clausum fregit.*"

See also *Lapp v. Stanton,* 116 Md. 197, 199-200; *Gore v. Jarrett,* 192 Md. 513, 516; *Whitehall Construction Company v. Washington Suburban Sanitary Commission,* 165 F. Supp. 730 (D. Md. 1958).

The case of *Hopper, McGaw & Co. v. Kelly,* 145 Md. 161, is very much in point. The plaintiff there recovered damages, following an automobile accident, computed on the basis of the cost of repairing the automobile. The defendant there sought to constrict the damages on the basis of the declaration. The court refused to be so restrictive, holding at 166-167:

> "[H]e contends that as the declaration alleged that the plaintiff's 'automobile was wrecked and rendered almost a complete loss to him, and no claim was made for the cost of repairing the automobile,' the measure of damages was the value

of the automobile at the time of the accident. In the case of *Wash., B. & A. Rwy. Co. v. Fingles, supra,* this Court quoted with approval the statement in 17 *Corpus Juris,* 877, that the measure of damages for injury to personal property, which has not been totally destroyed, 'is the cost of repairing (the property) together with the value of the use of the property during the time it would take to repair it,' and there is nothing in the declaration in this case requiring the application of a different rule."

The plaintiff-appellee adequately alleged a trespass to land and there is no rule which precluded him from thereafter electing which of various methods he would employ to compute his damages. We see no error.

*Judgment affirmed; costs to be paid by appellant.*